# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIZE HAMILTON, | Case No. 2:25-CV-7211-MCS-PVC |
| Plaintiff, | |
| v. | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| ROBERT GLUNA, et al., | |
| Defendants. | |

## I.

## INTRODUCTION

On June 26, 2025, Plaintiff Demetrize Hamilton ("Plaintiff"), a California state prisoner proceeding *pro se*, constructively filed a civil rights complaint pursuant to 42 U.S.C. § 1983.[1]  ("Compl.," Dkt. No. 1).

---

[1] The "mailbox rule" announced by the Supreme Court in *Houston v. Lack*, 487 U.S. 266 (1988), applies to section 1983 cases. *See Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009).  Pursuant to the mailbox rule, *pro se* prisoner legal filings are deemed filed on the date the prisoner delivers the document to prison officials for forwarding to the court clerk. *Id.*  Plaintiff signed his complaint on June 26, 2025, which the Court adopts as this action's constructive filing date.

Congress mandates that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a).  This Court may dismiss such a complaint, or any portions thereof, before service of process if it concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1–2); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 & n.7 (9th Cir. 2000) (en banc).  For the reasons stated below, the Complaint is DISMISSED with leave to amend.[2]

## II.

## ALLEGATIONS OF THE COMPLAINT

Plaintiff sues four defendants: Robert Gluna,[3] Deputy Sheriff Hernanez, Deputy Sheriff Medina, and Deputy Sheriff Lewis.[4]  (Compl. at 1).  Plaintiff also refers to unknown defendants.[5]  (*Id.* at 4).[6]  Defendants work at the Los Angeles County Jail ("the Jail").  (*Id.* at 2).  Plaintiff sues the named Defendants in their individual capacities only. (*Id.* at 2–3).

---

[2] The Court observes that Plaintiff has failed to pay his initial filing fee as set out in Docket Number 6.  The Court will address this issue in a separately filed Order to Show Cause.

[3] The Court believes that Plaintiff intends to sue Los Angeles County Sheriff Robert G. Luna and has misspelled his last name as "Gluna."  (Compl. at 1).  If this is the case, Plaintiff is advised to correct this spelling in any future complaints.

[4] Plaintiff does not provide the first name for known officers.

[5] The Complaint discusses unnamed Defendants in its allegations (Compl. at 4) but does not list them as "Doe" defendants on the caption page (*Id.* at 1).

[6] The Court cite to the pages of the Complaint and its attachments as though they were consecutively paginated, following the electronic page numbers assigned by the Court's CM/ECF docketing system.

Plaintiff alleges that on July 11, 2023, Defendants Medina, Lewis, Hernandez and other unknown sheriff deputies attacked Plaintiff. (*Id.* at 3–4). The attack was unprovoked. (*Id.*). Plaintiff also asserts that unknown defendant sheriff deputies "failed to intervene" and "allowed Plaintiff to suffer" during the attack. (*Id.* at 4).

Because of the attack, Plaintiff now has limited movement, suffers pain all over his body, and has no function on his left arm and leg. (*Id.* at 5). As a result, Plaintiff is confined to a wheelchair. (*Id.*). Plaintiff also alleges that Defendant Gluna "failed or refused to ensure that defendants Medina, Hernandez, Lewis and other deputies were adequately trained to prevent the unnecessary use of excessive force, in violation of Plaintiff's rights." (*Id.* at 6).

Plaintiff raises two claims. (*Id.* at 1). He alleges deliberate indifference and cruel and unusual punishment. (*Id.* at 1). Separately, Plaintiff asks the court to appoint counsel to represent him in this action.[7] (*Id.* at 7–8).

# III.

# DISCUSSION

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss Plaintiff's Complaint due to defects in pleading. *Pro se* litigants in civil rights cases, however, must be given leave to amend their complaints unless it is absolutely clear that the deficiencies cannot be cured by amendment. *See Lopez*, 203 F.3d at 1128–29. Accordingly, the Court grants leave to amend.

---

[7] Plaintiff is advised that to ask the court to appoint an attorney, he must formally file a motion to appoint counsel. The decision to appoint counsel is within the discretion of the court and is granted only in exceptional circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

3

**A.**     **The Complaint Violates Federal Rule of Civil Procedure 8(a).**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  To meet this requirement and survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007)).  Although detailed factual allegations are not required to meet the plausibility standard, the court requires more than "merely conclusory, unwarranted deduction of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Twombly*, 550 U.S. at 555.  Rule 8 may also be violated when a pleading is long, confusing, redundant, or irrelevant. *See U.S. ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding dismissals for those reasons).

Plaintiff's general allegations fail to comply with the requirements of Rule 8.  The assertion that Defendants Medina, Lewis, and Hernandez attacked Plaintiff and used "excessive unnecessary force" is conclusory and does not allege sufficient factual allegations that plausibly support Plaintiff's specific claims. *See Iqbal*, 556 U.S. at 678 (the standard is more than an "unadorned, the-defendant-unlawfully-harmed-me accusation.").  In particular, Plaintiff gives no indication as to which defendant did what, what being "attacked" involved, or how defendants' force was excessive.

Instead, Plaintiff lumps together Defendants in a single sentence alleging that they collectively attacked Plaintiff.  (Compl. at 4).  This type of narrative does not identify which specific Defendant or Defendants committed the alleged actions and deprives Defendants of the ability to know the specific accusations made against them. *See Steinley v. Health Net, Inc.*, No. CV 18-5458, 2018 WL 6985318, at *5 (C.D. Cal. Dec. 4,

4

2018) (lumping together multiple defendants in a pleading is improper "because it fails to give each defendant notice of the specific allegations and claims that pertain to it"); *see also Salazar v. Cnty. of Orange*, 564 Fed.App'x at 322 (9th Cir. 2014) (affirming dismissal of complaint where claims and defendants were "impermissib[ly]" lumped together). Therefore, Plaintiff must provide specific details that support his factual allegations showing that it is facially plausible that each Defendant is *individually* liable for the alleged misconduct.

For similar reasons, Plaintiff's allegations against the unnamed deputy sheriff Defendants are deficient. The Court assumes that Plaintiff meant to raise claims against Doe Defendants in their individual capacity by referring to the "unlawful actions or inactions of the . . . unnamed defendants" who either engaged in the attack or failed to intervene.[8] (Compl. at 4). Nonetheless, the whole of Plaintiff's allegations against the Doe Defendants is that "Plaintiff was attacked by . . . several other [unnamed Defendants] without being provoked," and "Plaintiff was beaten [while] other [unnamed Defendants] . . . failed to intervene." (*Id.* at 4). Again, the Complaint does not contain allegations about actions taken by the individual Doe Defendants, only broad allegations about Doe Defendants as a group. Considering the vagueness and broad allegations in Plaintiff's Complaint, Doe Defendants would have difficulty understanding and responding to the Complaint. *See McHenry v. Renne*, 84 F.3d 1172, 1175 (9th Cir. 1996) (plaintiff's complaint failed to comply with Rule 8 where "the vague wording of the complaint ma[de] it excessively difficult for individual defendants to formulate proper defenses").

---

[8] Generally, courts disfavor the use of Doe Defendants, however, given the possibility that a Doe Defendant's identity could be ascertained through discovery, dismissal is not required. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).

Finally, Plaintiff fails to allege any specific facts involving Defendant Gluna, despite suing him in his individual capacity.[9] For this reason, Plaintiff's individual capacity claims against Defendant Gluna fails.

If Plaintiff wishes to proceed with his claims against Defendants, Plaintiff must first identify each Doe Defendant individually as "Doe No. 1, Doe No. 2," etc., in the body of the Complaint and explain what actions each Doe Defendant took against Plaintiff that caused the alleged civil rights violation. Additionally, in an amended complaint, Plaintiff should clearly state:

(1) What each Defendant—including named and unnamed Defendants—did to cause Plaintiff harm;

(2) What harm resulted from each Defendant's alleged acts;

(3) When and where the alleged acts of each Defendant took place; and,

(4) What federal statute or constitutional right each Defendant violated.

**B.    The Complaint Fails to State an Eighth Amendment Claim for Excessive Force Against Doe Defendants, Hernandez, Lewis, and Medina.**

As a preliminary matter, the Court construes Plaintiff's excessive force claims as arising under the Eighth Amendment claim because of the "cruel and unusual punishment" language set out in Plaintiff's Complaint which is unique to the Eighth Amendment. (Compl. at 1, 6). However, the location of the underlying events—the Los Angeles County Jail—suggests that Plaintiff was a pretrial detainee. The Court notes that

---

[9] If a Plaintiff wishes to sue a supervisory official in their individual capacity, a Plaintiff must establish that the supervisory official "participated in or directed the violations or knew of the violations and failed to act to prevent them." *Taylor v.* List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff's sole allegation against Defendant Gluna is that he failed or refused to ensure that deputy sheriffs were adequately trained in the use of excessive force. Plaintiff does not plead any facts which suggest that Defendant Gluna was directly involved in the alleged attack or was deliberately indifferent such that he knew or should have known of the unconstitutional conduct taking place and failed to terminate such acts.

6

the Eighth Amendment applies only to convicted inmates, whereas the Fourteenth Amendment applies to pretrial detainees. *See Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) ("[c]laims by pretrial detainees are analyzed under the Fourteenth Amendment Due Process Clause, rather than under the Eighth Amendment"). The Court will analyze Plaintiff's cruel and unusual punishment claim under the presumption that he has been convicted. However, this claim will fail if Plaintiff was in pretrial detention at the time of the relevant events. Plaintiff must state in any future amended complaint whether he was confined postconviction or in a pretrial status and bring the relevant legal claim.

The Eighth Amendment prohibits the imposition of "cruel and unusual punishment." U.S. Const. amend. VIII. Courts have interpreted the "unnecessary and wanton infliction of pain" including the use of excessive force to constitute cruel and unusual punishment under the Eighth Amendment. *See Hudson v. McMillian*, 503 U.S. 1, 4 (1992). To state an Eighth Amendment claim for excessive force, a plaintiff must satisfy a two-prong test: (1) an objective showing of whether the wrongdoing was "'harmful enough to establish a constitutional violation'" and (2) a subjective showing of intent. *Bearchild v. Cobban*, 947 F.3d 1130, 1140 (9th Cir. 2020) (quoting *Hudson*, 503 U.S. at 4). The subjective intent inquiry "'turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Bearchild*, 947 F.3d at 1140 (quoting *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986)). Five factors are relevant to the determination of whether the force used was malicious or sadistic: (1) the extent of the injury (2) the need to use force, (3) the relationship between the need and amount of force applied, (3) the reasonable threat perceived, and (5) any efforts made to avoid a forceful response. *Furnace v. Sullivan*, 705 F.3d 1021, 1028 (9th. Cir. 2013).

Plaintiff alleges excessive force violations presumably against Doe Defendants, Hernandez, Medina, and Lewis. (Compl. at 1). Applying these factors to Plaintiff's

7

alleged facts, the extent of injury weighs in favor of Plaintiff.  He alleges that, "[a]s a result of the beaten injuries that [he] received, he now has limited movement, suffers pain all over his body and his left side has no function in his arm and leg and is now confined to a wheelchair." (*Id.* at 5).  Still, the extent of injury factor is not what makes out a violation of the Eighth Amendment, rather "it is the use of official force or authority that is 'intentional, unjustified, brutal and offensive to human dignity.'" *Felix v. McCarthy*, 939 F.2d 699, 702 (9th Cir. 1991) (quoting *Meredith v. Arizona*, 523 F.2d 481, 484 (9th Cir. 1975)).

Here, the force Defendants use appears disproportionate relative to the threat perceived.  Plaintiff alleges that Defendants Medina, Lewis, Hernandez and "other unknown [Doe Defendants]" unprovokedly attacked Plaintiff in a "maliciously, sadistically, and intention[al]" manner for the purpose of "caus[ing] harm." (Compl. at 4, 5).  Meanwhile, Plaintiff was "not a threat" nor did he resist the attack. (*Id.* at 4). Generally, with sufficient evidence, an unprovoked attack on an unresisting Plaintiff has been found to be an Eighth Amendment violation.  *See, e.g.*, *Sullivan*, 705 F.3d at 1028–30; *Meredith*, 523 F.2d at 484.[10]

At this stage, however, Plaintiff's Complaint lacks sufficient evidence to support an excessive force claim.  Plaintiff's allegation that Defendants acted "malicious[ly], sadistically, [and] meant to injure and cause harm" is a mere "formulaic recitation of the elements." *Twombly*, 550 U.S. at 555.  The vague allegations do not support a plausible inference that Defendants had the requisite intent to cause harm.  *See Kendall v. Ongaro*, No. 2:24-03591, 2025 WL 736585, at *3 (C.D. Cal. Feb. 10, 2025) (excessive  force claim failed where the complaint stated insufficient facts to find malicious and sadistic intent to cause harm); *see also Puckett v. Bolanos*, No. CV 19-7688, 2021 WL 6618551, at *4–5

---

[10] The Court's analysis here ignores Rule 8 violations in the alleged facts and focuses generally on the force described.

8

(C.D. Cal. Sep. 13, 2021) (finding that plaintiff failed to state an excessive force claim where he only alleged that a defendant "beat [him] up at the cage" without reference to what force was used, how much was used, or what prompted it); *cf. Olivan v. County of Orange*, No. 8:22-cv-00008, 2022 WL 16857021, at *3 (C.D. Cal. Sep. 1, 2022) (plaintiff plausibly alleged an excessive force claim where he alleged the defendant's beating against him "with sufficient specificity").

Accordingly, the Court DISMISSES Plaintiff's cruel and unusual punishment claim(s).

### C.    To the Extent Plaintiff Attempts to Raise a Deliberate Indifference Claim against Doe Defendants, Plaintiff Fails to State a Claim.

Plaintiff appears to assert deliberate indifference claims against Doe Defendants. He alleges that Doe Defendants "failed to intervene" while other deputy sheriffs attacked him. (Compl. at 4). Though Plaintiff does not explicitly raise such a claim, out of an abundance of caution, the Court construes the Complaint as asserting a failure-to-intervene claim against Doe Defendants. As it remains unclear whether Plaintiff was a pretrial detainee or a convicted prisoner at the time of the alleged events, but because Plaintiff invokes "cruel and unusual punishment," the Court will proceed with analyzing Plaintiff's failure to intervene claim under the Eighth Amendment.[11]

Generally, prison officials have a duty to ensure the safety of inmates and protect them from harm. *See Farmer v. Brennan*, 511 U.S. 825, 832–833 (1994). Indeed, "a prison official can violate a prisoner's Eighth Amendment rights by failing to intervene" in another official's use of excessive force. *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th

---

[11] The Court reminds Plaintiff, as previously instructed, that an amended complaint must state Plaintiff's custodial status at the time of the of the alleged events to ascertain the appropriate law to which his claims arise under.

9

Cir. 1995).  A prison official may be held liable for failure to intervene, however, only if they had a reasonable opportunity to intercede.  *See Cunningham v. Gates*, 229 F.3d 1271, 1290 (9th Cir. 2000) (holding that officers who had "no realistic opportunity" to intercede in the excessive force against a plaintiff cannot be held liable).  A reasonable opportunity to intercede may include observing or being present at the time of the alleged misconduct.  *See, e.g.*, *Baker v. Soto*, No. 2:15-cv-9486, 2016 WL 11746816, at *3 (C.D. Cal. Jan. 13, 2016) (finding that plaintiff plausibly established a failure to intervene claim where the defendant "looked on while [co-officials] were assaulting" plaintiff); *Williams v. Talley*, No. 2:19-cv-10502, 2020 WL 136634, at *2 (C.D. Cal. Jan. 13, 2020) (there was a reasonable opportunity to intervene where defendants "watched as [co-official] used unreasonable force against" plaintiff); *cf. Solano v. Davis*, No. CV 13–01164, 2014 WL 6473651, at *8 (C.D. Cal. Nov. 17, 2014) (there was no reasonable opportunity to intercede where defendant was not present during the attack despite hearing "voices increasing in volume").

Here, Plaintiff alleges no facts beyond his conclusory assertion that "[Doe Defendants] failed to intervene."  (Compl. at 4).  As such, Plaintiff's allegation falls well short of the minimum pleading requirements and provides no basis from which the Court could infer Doe Defendants had a reasonable opportunity to intervene.  *See Jacques v. Gonzalez*, No. CV 16-6862, 2017 WL 11506887, at *6 (C.D. Cal. Apr. 11, 2017) (dismissing plaintiff's excessive force allegations because Plaintiff did not establish that Defendants "were in a position to intervene").

Plaintiff's failure to intervene claims are therefore DISMISSED with leave to amend.

10

**D.      To the Extent Plaintiff Attempts to Raise a Deliberate Indifference Claim against Defendant Gluna, Plaintiff Fails to State a Claim.**

Under 42 U.S.C. § 1983, a supervisory official cannot be held liable for the acts of their subordinates on a *respondeat superior* theory of liability.  *See Taylor*, 880 F.2d at 1045.  But a supervisory official may be liable for his personal involvement in the constitutional deprivation or if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *see also Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (a supervisor may be liable by "setting in motion a series of acts by others, which [he] knew or reasonably should have known would cause others to inflict a constitutional injury").  The requisite causal connection can include the supervisory official's (1) "own culpable action or inaction in the training, supervision, or control of subordinates;" (2) "acquiescence in the constitutional deprivation; or" (3) "conduct that showed a reckless or callous indifference to the rights of others."  *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018) (citing *Keates v. Koile*, 883 F.3d 1228, 1243 (9th. Cir. 2018)).

Plaintiff alleges that Defendant Gluna "failed or refused to ensure that defendants Medina, Hernandez, Lewis and other Deputies were adequately trained, to prevent the unnecessary use of excessive force." (Compl. at 6).  Notwithstanding Plaintiff's failure to allege Defendant Gluna's direct involvement in the alleged attack, Plaintiff does not show that Defendant Gluna knew or should have known of the constitutional deprivation taking place.  Further, Plaintiff's conclusory allegation offers no support to show a causal connection between Defendant Gluna and the injuries that Plaintiff suffered, nor will a statement of Defendant's responsibility to train subordinates suffice to implicate such connection.  *See Marquez v. McEwen*, No. CV 15-7911, 2016 WL 4726566, at *9 (C.D. Cal. Aug. 10, 2016) ("[i]f Plaintiff's general description of a [supervisor's] responsibilities

11

and broad assertion that [defendant] did not meet those responsibilities were sufficient to state a claim for supervisory liability, every single [supervisor] in the country could be named a defendant in every single civil rights action").

Considering Plaintiff's failure to plead the essential elements necessary for supervisory liability, Plaintiff's claims against Defendant Gluna are DISMISSED with leave to amend.

## IV.

## CONCLUSION

For the reasons stated above, the Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he must file a First Amended Complaint within **thirty days from the date of this Order**. In any amended complaint, Plaintiffs shall cure the defects described above. If Plaintiff chooses to file a First Amended Complaint, he must clearly designate on the face of the document that it is the "First Amended Complaint." The First Amended Complaint must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety. Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the Complaint. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (denial of leave to amend not abuse of discretion where proposed new claims would have "greatly altered the nature of the litigation" and required defendants to undertake "an entirely new course of defense"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (affirming denial of leave to amend where additional claims "advance different legal theories and require proof of different facts"). In addition, the First Amended Complaint must be complete in and of itself, without reference to the original Complaint, or any other pleading, attachment, or document.

An amended complaint entirely takes the place of the preceding complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the Court will treat any preceding complaint, including any exhibits attached to the preceding complaint, as nonexistent.  *Id.*  If Plaintiff wishes the Court to consider any exhibits from the original Complaint, he must re-attach them to the First Amended Complaint.  Because the Court grants Plaintiff leave to amend all the claims raised here, any claim raised in the original Complaint is waived if it is not raised again in the First Amended Complaint.  *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012).

In any amended complaint, Plaintiff should confine his allegations to the essential facts supporting each of his claims.  Plaintiff is strongly encouraged to keep his statements concise and to omit irrelevant details.  Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief."  **Plaintiff is strongly encouraged to use the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.**  In any amended complaint, Plaintiff must describe, to the extent possible, what each separate Defendant, including each separate Doe Defendant, if any, did to violate his rights; where and when the wrongful conduct occurred; the harm that Plaintiff suffered from the Defendant's acts and omissions; and the constitutional right or statute that each Defendant violated.  It is not necessary for Plaintiff to cite case law, include legal argument, or attach exhibits at this stage of the litigation.  Plaintiff is also advised to omit any claims for which he lacks a sufficient legal or factual basis.

The Court cautions Plaintiff that it generally will not be inclined to grant further opportunities to amend if the First Amended Complaint continues to assert claims for which relief cannot be granted for the reasons explained in this Order.  "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" *Ismail v. Cnty. of Orange*,

13

917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012) (quoting *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 n.3 (9th Cir. 1987)); *see also Cafasso*, 637 F.3d at 1058 ("[T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.") (internal quotation marks omitted). Thus, if Plaintiff files a First Amended Complaint with claims that repeat the same pleading defects addressed in this Order, the Court may recommend that the First Amended Complaint be dismissed with prejudice for failure to state a claim.

Instead of filing a First Amended Complaint, Plaintiff may choose to stand on the defective claims in the original Complaint, but must expressly notify the Court in writing of his intention to do so by the same deadline for filing an amended complaint, *i.e.*, thirty days from the date of this Order. Plaintiff is cautioned, however, that when a plaintiff chooses to stand on a defective complaint despite having been afforded the opportunity to amend, the district court may dismiss any defective claims under Federal Rule of Civil Procedure 12(b)(6) and allow the action to proceed only on the surviving claims, if any, that sufficiently state a claim. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004). Plaintiff is advised that if he elects to stand on the defective claims in his original Complaint, the Magistrate Judge will recommend that the Court dismiss some or all of his claims for the reasons stated in this Order. *See McCalden v. California Library Ass'n*, 955 F.2d 1214, 1224 (9th Cir. 1992) (a plaintiff granted leave to amend a pleading "may elect to stand on her pleading and appeal"); *Edwards*, 356 F.3d at 1065 ("When the plaintiff timely responds with a formal notice of his intent not to amend, the threatened dismissal merely ripens into a final, appealable judgment.").

Accordingly, Plaintiff is ORDERED to file either a First Amended Complaint or a Notice of Intention to Stand on Defective Complaint within thirty days of the date of this Order. **Plaintiff is explicitly cautioned that the failure to file either a First Amended Complaint or a Notice of Intention to Stand on Defective Complaint by the Court's**

14

**deadline *will* result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b).** *See Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 891 (9th Cir. 2019) ("'The failure of the plaintiff eventually to respond to the court's *ultimatum* -- either by amending the complaint or by indicating to the court that it will not do so -- is properly met with the sanction of a Rule 41(b) dismissal.'") (quoting *Edwards*, 356 F.3d at 1065) (emphasis in original).  Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  **A form Notice of Dismissal is attached for Plaintiff's convenience.**

DATED: June 30, 2026

Ped Notn

_____
PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE

15